## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-01239-COA

**LEON BRANDON A/K/A LEON BRANDON, JR.**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                           APPELLEE

DATE OF JUDGMENT:                10/05/2021
TRIAL JUDGE:                     HON. MICHAEL PAUL MILLS JR.
COURT FROM WHICH APPEALED:       MONROE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          OFFICE OF STATE PUBLIC DEFENDER
                                 BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: ALEXANDRA RODU ROSENBLATT
DISTRICT ATTORNEY:               JOHN DAVID WEDDLE
NATURE OF THE CASE:              CRIMINAL - FELONY
DISPOSITION:                     AFFIRMED - 02/07/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT**:

¶1.     Leon Brandon was convicted of possession of a firearm by a felon and sentenced to a term of ten years in the custody of the Department of Corrections.  On appeal, Brandon's appointed counsel filed a *Lindsey*[1] brief, certifying that the case presents no arguable issues for appeal.  Based on our independent review of the record, we agree that there are no arguable issues for appeal and affirm the conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2.     Monroe County Deputy Sheriff Joseph Miller was leaving the county jail in Aberdeen

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

on January 7, 2019, when he heard a report over his radio that a woman had been pushed or fallen out of a maroon Dodge Charger. Miller and Deputy Sheriff Rodney Starling got in Miller's patrol car and drove toward the Charger's last known location. Near the corner of Highway 45 and South Chestnut Street, Miller saw the Charger and activated his car's blue lights and siren. The Charger accelerated, ran multiple red lights and stop signs, and forced other cars off the road before turning north on Highway 45 and then west on Highway 8. Miller estimated that the Charger exceeded 100 miles per hour during the pursuit, but he and Starling never lost sight of the vehicle. The Charger passed an old racetrack on Highway 8, turned right on Watkins Lane, and finally pulled off in a field north of the racetrack.

¶3. When Miller drove into the field behind the Charger, the Charger was empty, and Brandon was running away from the vehicle. Miller pursued Brandon on foot and observed what he believed to be a gun in Brandon's hand. Miller drew his gun and ordered Brandon to stop. Brandon complied and "dropped whatever he had" on the ground next to him. Miller handcuffed Brandon and found a Taurus handgun on the ground next to him. After Miller walked Brandon back to the patrol car, Starling advised Brandon of his rights and then "asked him why he was driving so crazy." Brandon stated that "he was on probation, he hadn't been seeing his probation officer, and . . . he had a gun in the car."

¶4. A Monroe County grand jury indicted Brandon as a nonviolent habitual offender for possession of a firearm by a felon, Miss. Code Ann. § 97-37-5 (Rev. 2020), and felony fleeing, Miss. Code Ann. § 97-9-72 (Rev. 2020). Brandon pled not guilty and proceeded to trial. The State called Miller and Starling as witnesses and then rested.

2

¶5. Brandon testified in his own defense. He stated that on January 7, 2019, he lived on Highway 8 near the racetrack and was walking home from his cousin's house. He stated that he took a shortcut on a path that ran behind the racetrack from Watkins Lane to his house. He testified that as he stepped from the woods into the field behind the racetrack, Miller ordered him to stop. Brandon said he was "fixing to turn around and run" because he had not "seen [his] probation officer," but he decided against it and stopped. Miller asked him, "[W]here is the gun?" According to Brandon, he responded, "What gun? I don't have a gun." Miller then found a gun on the ground. Brandon testified that the gun "wasn't right next to [him]," but it was "like a half a foot or a foot away from [him]." Brandon denied that the gun belonged to him. He testified that his relatives use the same shortcut, implying that someone else could have dropped the gun. He also testified that his ex-girlfriend "had a gun like" the Taurus, but he did not know if it was the same gun. Brandon denied that he had ever been in the maroon Charger, and he denied that he confessed to Starling.

¶6. The jury found Brandon guilty of possession of a firearm by a felon but acquitted him of felony fleeing. After the jury was dismissed, the State established that Brandon had prior convictions for robbery and burglary of a dwelling that satisfied the requirements of the nonviolent habitual offender statute, Miss. Code Ann. § 99-19-81 (Rev. 2020). The court then sentenced Brandon to serve ten years in the custody of the Department of Corrections as a nonviolent habitual offender. As noted above, Brandon's appointed appellate counsel filed a *Lindsey* brief, certifying that the record presents no arguable issues for appeal. This Court granted Brandon forty days to file a pro se brief, but Brandon did not do so.

## ANALYSIS

¶7. *Lindsey*, 939 So. 2d at 748 (¶18), establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." In this case, Brandon's appointed appellate counsel complied with that procedure and certified that there are no arguable issues for appeal. Pursuant to *Lindsey*, counsel sent Brandon a copy of the brief and advised him that he could file a pro se brief. This Court also entered an order granting Brandon time to file a pro se brief. Brandon did not file a brief.

¶8. The State presented sufficient evidence to support Brandon's conviction of possession of a firearm by a felon. In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Therefore, Brandon's conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**